Serial: **259974**

**IN THE SUPREME COURT OF MISSISSIPPI**

**No. 89-R-99018-SCT**

*RE: RULES OF PROFESSIONAL CONDUCT*

**FILED**

NOV 13 2025

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

**EN BANC ORDER**

Before the Court is the Petition to Amend Certain Rules of the Mississippi Rules of Appellate Procedure and the Mississippi Rules of Professional Conduct in Order to Define the Practice of Law in Mississippi and Exceptions Thereto and to Prohibit the Unauthorized Practice of Law in Mississippi. After due consideration, the Court finds Rule 8.5 of the Mississippi Rules of Professional Conduct shall be amended as set forth in Exhibit A.

IT IS, THEREFORE, ORDERED that the Petition to Amend Certain Rules of the Mississippi Rules of Appellate Procedure and the Mississippi Rules of Professional Conduct in Order to Define the Practice of Law in Mississippi and Exceptions Thereto and to Prohibit the Unauthorized Practice of Law in Mississippi is hereby granted in part. Rule 8.5 of the Mississippi Rules of Professional Conduct is amended as set forth in Exhibit A. The amendment shall take effect on July 1, 2026.

IT IS, FURTHER, ORDERED that the Clerk of this Court shall spread this Order upon the minutes of the Court and shall forward a true copy hereof to West Publishing Company for publication in the next edition of the Mississippi Rules of Court and in the *Southern Reporter, Third Series, (Mississippi Edition).*

SO ORDERED, this the 13th day of November, 2025.

_____
LESLIE D. KING, PRESIDING JUSTICE

ALL JUSTICES AGREE.

# EXHIBIT A

## RULE 8.5. Jurisdiction.

**(a) Disciplinary Authority.** A lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction, regardless of where the lawyer's conduct occurs. A lawyer not admitted in this jurisdiction is also subject to the disciplinary authority of this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction. A lawyer may be subject to the disciplinary authority of both this jurisdiction and another jurisdiction for the same conduct.

**(b) Choice of Law.** In any exercise of the disciplinary authority of this jurisdiction, the rules of professional conduct to be applied shall be as follows:

(1) for conduct in connection with a matter pending before a tribunal, the rules of the jurisdiction in which the tribunal sits, unless the rules of the tribunal provide otherwise; and

(2) for any other conduct, the rules of the jurisdiction in which the lawyer's conduct occurred, or, if the predominant effect of the conduct is in a different jurisdiction, the rules of that jurisdiction shall be applied to the conduct. A lawyer shall not be subject to discipline if the lawyer's conduct conforms to the rules of a jurisdiction in which the lawyer reasonably believes the predominant effect of the lawyer's conduct will occur.

### Comment

It is settled law that the conduct of a lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction. Extension of the disciplinary authority of this jurisdiction to other lawyers who provide or offer to provide legal services in this jurisdiction is for the protection of the citizens of this jurisdiction. Reciprocal enforcement of a jurisdiction's disciplinary findings and sanctions will further advance the purposes of this Rule. *See* Mississippi Rule of Discipline 14. Nothing in this rule shall be construed to allow an unlicensed individual to engage in the practice of law in Mississippi contrary to any other rule or statute. *See also* Mississippi Rules of Discipline 1(1.1) and 17. The language in Rule 8.5 is reflective of that set forth in the ABA's Model Rules of Professional Conduct. The scope of Rule 8.5 is not intended to extend to advertisements such as those referenced in Rule 7.5(b)(7), unless they are for the purpose of soliciting clients to commence or join in litigation to be performed in Mississippi.

A lawyer may be potentially subject to more than one set of rules of professional conduct which impose different obligations. The lawyer may be licensed to practice in more than one jurisdiction with differing rules, or may be admitted to practice before a particular court with rules that differ from those of the jurisdiction or jurisdictions in which the lawyer is licensed to practice. Additionally, the lawyer's conduct may involve significant contacts with more than one jurisdiction.

3

Paragraph (b) seeks to resolve such potential conflicts. Its premise is that minimizing conflicts between rules, as well as uncertainty about which rules are applicable, is in the best interest of both clients and the profession (as well as the bodies having authority to regulate the profession). Accordingly, it takes the approach of (i) providing that any particular conduct of a lawyer shall be subject to only one set of rules of professional conduct, (ii) making the determination of which set of rules applies to particular conduct as straightforward as possible, consistent with recognition of appropriate regulatory interests of relevant jurisdictions, and (iii) providing protection for discipline for lawyers who act reasonably in the face of uncertainty.

Paragraph (b)(1) provides that as to a lawyer's conduct relating to a proceeding pending before a tribunal, the lawyer shall be subject only to the rules of the jurisdiction in which the tribunal sits unless the rules of the tribunal, including its choice of law rule, provide otherwise. As to all other conduct, including conduct in anticipation of a proceeding not yet pending before a tribunal, paragraph (b)(2) provides that a lawyer shall be subject to the rules of the jurisdiction in which the lawyer's conduct occurred, or, if the predominant effect of the conduct is in another jurisdiction, the rules of that jurisdiction shall be applied to the conduct. In the case of conduct in anticipation of a proceeding that is likely to be before a tribunal, the predominant effect of such conduct could be where the conduct occurred, where the tribunal sits or in another jurisdiction.

When a lawyer's conduct involves significant contacts with more than one jurisdiction, it may not be clear whether the predominant effect of the lawyer's conduct will occur in a jurisdiction other than the one in which the conduct occurred. So long as the lawyer's conduct conforms to the rules of a jurisdiction in which the lawyer reasonably believes the predominant effect will occur, the lawyer shall not be subject to discipline under this Rule.

If two admitting jurisdictions were to proceed against a lawyer for the same conduct, they should, applying this rule, identify the same governing ethics rules. They should take all appropriate steps to see that they do apply the same rule to the same conduct, and in all events should avoid proceeding against a lawyer on the basis of two inconsistent rules.

The choice of law provision applies to lawyers engaged in transnational practice, unless international law, treaties or other agreements between competent regulatory authorities in the affects jurisdictions provide otherwise.